UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CONSTANTINE MURRELL,

                       Plaintiff,         Civil No.: 6:21-cv-06576-EAW

v.

WILLIAM A. SHERON, JR., SHERIFF, in his individual capacities;
WILLIAM ZIPFEL, SUPERINTENDENT, in his individual capacities;
TERESE BRYAN, NURSE, in her individual capacities;
HENRY MOSCICKI, NURSE PRACTITIONER, in his individual capacities;
UNITED MEMORIAL MEDICAL CENTER,
ROCHESTER NEURO SPINE CENTER,

                       Defendants.
_____

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

                                            **WEBSTER SZANYI LLP**
                                              Attorneys for Defendant Terese Bryan
                                            Meghan M. Hayes
                                            424 Main Street, Suite 1400
                                            Buffalo, New York 14202
                                            (716) 842-2800
                                            mhayes@websterszanyi.com

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT ......................................................................................................................... 1

    I.      Plaintiff Failed to Meet His Burden of Proof ................................................. 1

    II.     Regardless, Nurse Bryan's Motion for Summary Judgment
            Established Her Entitlement to Judgment as a Matter of Law .................... 3

CONCLUSION ..................................................................................................................... 4

ii

# **TABLE OF AUTHORITIES**

*Charles v. Orange County,*
    925 F.3d 73 (2d Cir. 2019) ............................................................................................ 2

*Darby v. Greenman,*
    14 F.4th 124 (2d Cir. 2021) ........................................................................................... 2

*Giannullo v. City of New York,*
    322 F.3d 139 (2d Cir. 2003) ..................................................................................... 1, 2

*Maldonado v. Town of Greenburgh,*
    2024 WL 4336771 (S.D.N.Y. 2024) ............................................................................. 2

*Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.,*
    373 F.3d 241 (2d Cir. 2004) .......................................................................................... 1

*Zubrow v. Solvay Pharmaceuticals, Inc.,*
    207 Fed. Appx. 37 (2d Cir. 2006) ................................................................................. 1

## PRELIMINARY STATEMENT

Plaintiff's motion for summary judgment fails to establish his entitlement to judgment as a matter of law. Plaintiff's motion simply restates the allegations in his Complaint, offering nothing beyond conclusory statements that he suffered a serious medical condition, and that Defendants Terese Bryan and Henry Moscicki were deliberately indifferent to his medical needs. As Plaintiff failed to meet his burden of production, his motion for summary judgment must be dismissed. Further, Nurse Bryan established her own entitlement to summary judgment in her previously submitted motion for summary judgment, incorporated herein.

## ARGUMENT

### I.   Plaintiff Failed to Meet His Burden of Proof.

The standard for granting a motion for summary judgment is well settled: "[s]ummary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Zubrow v. Solvay Pharmaceuticals, Inc.*, 207 Fed. Appx. 37, 38 (2d Cir. 2006). "In reviewing a summary judgment motion, [the court] must resolve all ambiguities and draw all reasonable inferences in the non-movant's favor." *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004).

"It is the movant's burden to show that no genuine factual dispute exists." *Giannullo v. City of New York*, 322 F.3d 139, 140 (2d Cir. 2003)."If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied *even if no opposing evidentiary matter is presented*." *Vermont Teddy Bear Co.*, 373 F.3d at 244 (quotations and citations

1

omitted). "[T]he non-movant is not required to rebut an insufficient showing." *Giannullo*, 322 F.3d at 140.

For Plaintiff to be entitled to summary judgment on his deliberate indifference claim, he bears the burden of establishing "(1) that the deprivation of medical care was sufficiently serious, and (2) that the defendant acted or failed to act with a sufficiently culpable state of mind." *Maldonado v. Town of Greenburgh*, 2024 WL 4336771, at *15 (S.D.N.Y. 2024) (citations and quotations omitted). "Deliberate indifference requires, at a minimum, 'culpable recklessness, *i.e.*, an act or failure to act that evinces a conscious disregard of a substantial risk of serious harm.'" *Darby v. Greenman,* 14 F.4th 124, 128 (2d Cir. 2021) (quoting *Charles v. Orange County,* 925 F.3d 73, 87 (2d Cir. 2019)).

Plaintiff's motion for summary judgment is pure speculation. Plaintiff claims that he suffered a serious injury but cites no admissible evidence proving his alleged injuries or establishing that such injuries were "a condition of urgency such as one that may produce death, degeneration, or extreme pain." *Charles v. Orange County*, 925 F.3d 73, 85-86 (2d Cir. 2019). Plaintiff does not establish that the alleged delay in treatment caused any further or additional injury, or that his condition seriously deteriorated between when the University of Rochester recommended he receive the steroid injection and when he received the injection. Similarly, Plaintiff argues that Nurse Bryan acted with deliberate indifference to his medical needs but does not submit any evidence proving that Nurse Bryan acted with culpable recklessness, i.e. that she knew or should have known that "failing to provide the complained of medical treatment would pose a substantial risk to [Plaintiff's] health." *Darby v. Greenman*, F.4th 124, 128 (2d Cir. 2021).

Accordingly, because Plaintiff failed to submit or cite any admissible evidence in support of his motion for summary judgment, he failed to meet his burden of production, and the motion must be denied as a matter of law.

## II. Regardless, Nurse Bryan's Motion for Summary Judgment Establishes Her Entitlement to Judgment as a Matter of Law.

On December 2, 2024 Nurse Bryan submitted a motion for summary judgment on Plaintiff's claims. (Dkt. 75). In support of her motion, Nurse Bryan submitted the Declaration of Meghan M. Hayes with exhibits (Dkts. 75-1, 75-2, 75-3, 75-4, 75-5, and 75-6); Declaration of Terese Bryan (Dkt. 75-7); Declaration of Dr. Alan Barcomb with exhibits (Dkt. 75-8, 75-9, 75-10); Statement of Undisputed Facts (Dkt. 75-11); and Memorandum of Law (Dkt. 75-12). Nurse Bryan's motion, which is incorporated by reference, in full, establishes that the short delay in scheduling Plaintiff's steroid injection was not sufficiently serious to state a deliberate indifference claim, and that she did not act with deliberate indifference to Plaintiff's medical needs.

Co-Defendant Henry Moscicki also moved for summary judgment and submitted the affidavits of two experts, Dr. Allen Pettee (Dkt. 76-16) and Dr. Louis Shicker (Dkt. 76-15), both of whom opined that the Genesee County Jail medical staff's actions fully met the relevant standard of care, and that Plaintiff did not suffer any harm due to the delay in receiving the steroid injection. Therefore, for the reasons stated above and for the reasons set forth in the referenced submissions, Plaintiff's motion for summary judgment must be denied.

## **CONCLUSION**

Based upon the foregoing, we respectfully request that Plaintiff's motion for summary judgment be denied.

DATED: January 7, 2025

**WEBSTER SZANYI LLP**
Attorneys for Defendant Terese Bryan

By: *s/ Meghan M. Hayes*
Meghan M. Hayes
424 Main Street, Suite 1400
Buffalo, New York 14202
(716) 842-2800
mhayes@websterszanyi.com

TO: **Constantine Murrell, Pro Se**
#19-B-1747
Attica Correctional Facility
639 Exchange Street
Attica, NY 14011-0149

CC: **HIRSCH & TUBIOLO, P.C.**
Richard Tubiolo, Esq.
Bryan Kornfield, Esq.
Tyler Holmes, Esq.
  Attorneys for Defendant Henry Moscicki
1163 Pittsford Victor Road, Suite 145
Pittsford, NY 14534
585-546-2434